UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDY ANDERSON,

        Plaintiff,

v.                                                     Case No. 2:09-CV-109

SHERRI ANDREWS, et al.,                 HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objections to the report and recommendation issued on August 19, 2009. In his report and recommendation, Magistrate Judge Greeley recommended that the Court grant Defendants' motion for summary judgment on Plaintiff's claim that Defendants violated his First and Fourteenth Amendment rights by opening a package containing legal mail from his attorney. The magistrate judge concluded that summary judgment is proper because the piece of mail in question was not clearly marked as "legal mail," although the sender's address included the designation "P.C." The magistrate judge reasoned that although "P.C." could indicate that the mail was from a law firm, it is also used by other non-legal professions such as accountants and psychologists. The magistrate judge further concluded that even if Defendant Andrews incorrectly determined that the package was not legal mail, under *Merriweather v. Zamora*, 569 F.3d 307 (6th Cir. 2009), the opening of one piece of properly marked legal mail outside the prisoner's presence is insufficient to state a claim. Finally, the magistrate judge concluded that Plaintiff's official capacity claims against Defendants are barred by the Eleventh Amendment and that Defendants are entitled to qualified immunity.

After conducting a *de novo* review of the report and recommendation, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the report and recommendation should be adopted in its entirety.

Plaintiff raises four specific objections. In his first and second objections, Plaintiff argues that the magistrate judge's statement that Plaintiff did not receive mail that was clearly marked "legal mail" is contradicted by Plaintiff's statement #2 in his statement of facts in his complaint and by an affidavit from Heather R. Schrank, the legal secretary for Plaintiff's attorney, as well as Plaintiff's own affidavit. Having reviewed these materials, the Court disagrees with Plaintiff's assertion. Regarding the statement in Plaintiff's complaint that the mail was identified as "attorney mail" and bore the address of his counsel, that unsworn allegation is insufficient to defeat Defendants' motion for summary judgment. Unsworn factual allegations "do not constitute evidence in opposition to the evidence presented by [Defendants] to support their motion." *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 762 (9th Cir. 1987). *See also Bennett v. Schroeder*, 99 F. App'x 707, 717 (6th Cir. 2004) (noting that "at the summary judgment stage after the close of discovery, Plaintiff can no longer simply rely on the allegations of his complaint; rather, he must present affirmative evidence supporting his allegations in order to withstand summary judgment" (internal quotation marks omitted)). As for the affidavits, neither one contradicts the magistrate judge's conclusion that the package was not clearly marked as legal mail. In her affidavit, Heather R. Schrank merely states that the envelope contained the name of the law firm, which ended with the designation "P.C." Similarly, Plaintiff's affidavit merely concludes that the package contained legal mail without averring that it was clearly marked as "legal mail."

Regarding Plaintiff's third objection, because the magistrate judge properly concluded that the evidence shows that Plaintiff's mail was not clearly marked as "legal mail," the Court need not

decide whether one incident of opening legal mail outside the presence of a prisoner suffices to support a claim for violation of the prisoner's First Amendment rights.

Plaintiff's final objection is that the magistrate judge erred in concluding that Plaintiff's official capacity claims should be dismissed and that Defendants are entitled to qualified immunity. As set forth above, the Court concurs with the magistrate judge that Plaintiff's claim fails on the merits. Regardless, Plaintiff fails to cite any authority for the proposition that the Eleventh Amendment does not bar Plaintiff's official capacity claims against Defendants. Moreover, Plaintiff fails to demonstrate that Defendants are not entitled to qualified immunity on the specific facts of this case. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 1, 2010 (docket no. 34) is **ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket no. 21) is **GRANTED**, and Plaintiff's complaint is **DISMISSED**.

This Court finds no good-faith basis for an appeal of this matter within 28 U.S.C. § 1915(a)(3).

This case is **concluded**.


Dated: September 2, 2010  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE